■ In the Matter of KATHLEEN A. FARRELL, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: In this CPLR article 78 proceeding, petitioner challenges the propriety of the determination of the Commissioner of Motor Vehicles revoking petitioner's license and driving privileges following a hearing held pursuant to Vehicle and Traffic Law § 510. On January 5, 1984, shortly before 10:00 P.M., petitioner's motor vehicle crashed into steel guardrails as she was attempting to negotiate a right turn onto County Route 89 from County Route 88 in the Town of Urbana, Steuben County. Two passengers in petitioner's vehicle were killed as a result of the accident. The record contains substantial evidence to support the finding of the Administrative Law Judge that petitioner violated Vehicle and Traffic Law § 1180 (e) by driving at an excessive speed. The investigating officer testified that he observed skid marks 49 feet in length and based upon his 17 years' experience in investigating more than 3,000 motor vehicle accidents and upon his attendance at various seminars and additional in-service training in traffic science investigation, he opined that petitioner's vehicle was traveling at a speed between 40 and 45 miles per hour on a wet roadway surface at the time of the impact. The posted recommended speed in the area was 25 miles per hour. Moreover, based upon the observations of the investigating officer that the vehicle was found at the accident scene in the lane of oncoming traffic, there is substantial evidence to support the finding by the Administrative Law Judge that petitioner violated Vehicle and Traffic Law § 1120 (a) by failing to keep right. We find there is also substantial evidence to support the determination that petitioner operated her motor vehicle with gross negligence or in a manner showing a reckless disregard for the life and property of others. The investigating officer testified there was a strong smell of alcohol on petitioner's breath. Petitioner admitted drinking beer just prior to the accident. Respondent possessed authority to revoke petitioner's license (Vehicle and Traffic Law § 510 [3] [a], [e]). The penalty imposed was appropriate under the circumstances. (Article 78 proceeding transferred by order of Supreme Court,

Steuben County, Purple, J.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.